UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
)
RONALD HALL, ) Crim No. 20-CR-10255-IT
)
) Leave to file redacted sentencing memorandum
Defendant. ) granted on October 25, 2022
)

**DEFENDANT RONALD HALL'S SENTENCING MEMORANDUM**

Defendant Ronald Hall ("Mr. Hall") respectfully submits this Sentencing Memorandum for the Court's consideration in connection with his sentencing hearing that is currently scheduled for November 3, 2022. As explained below, Mr. Hall respectfully submits that, after consideration of all the factors under 18 U.S.C. §3553(a), a sentence of 180 months would be sufficient to achieve the purposes of sentencing in this case. Mr. Hall contends that such a sentence would result in a severe and serious punishment for the offense for which he has pleaded guilty, would provide appropriate deterrence for the offense charged in this case, would bring a sense of closure to the victims, would appropriately consider his personal history and character, and would minimize any unwarranted sentencing disparities among defendants with similar records who have been convicted of the same offense.

Mr. Hall further requests that this Court recommend (1) that he be assigned to a facility as close to Boston as possible, where he can attempt to remain in regular contact with his family members including his minor son, and (2) that he participates in an intensive, 500-hour, drug treatment program that offers him a full range of substance abuse and other counselling. Admission to such a counselling program would provide him with a greater ability to continue to

address his significant personal challenges and to return to his family after his eventual release from incarceration with a chance to lead a productive and healthy life.

To be sure, the 180-month mandatory minimum sentence is a substantial punishment. At the conclusion of the sentence, Mr. Hall will be 62 years old, and he will have been long separated from his children. He will not see any of his minor son's adolescent years. He will rely upon his 74-year-old mother to raise his son to become a responsible and productive adult. Additionally, Mr. Hall will have significant time to undergo counseling, treatment, and reflect upon how he will change his lifestyle and decision-making upon his release from custody. As described in greater detail below, Mr. Hall has already begun the process of rehabilitation. He fully appreciates the work that he has ahead of him to re-enter society.

Mr. Hall recently participated in an extensive Forensic Psychological Evaluation ("Psychological Evaluation") conducted by Dr. Stephanie Tabashneck. The report yielded significant insight into the various trauma, influences, and challenges that contributed to his poor decision-making at a young age and shaped his path to eventually committing the charged offenses. A copy of the Psychological Evaluation is attached as Exhibit A. As explained in the evaluation, Mr. Hall's father had a significant impact on him. Indeed, the criminal lifestyle that Mr. Hall's father led eventually resulted in him being murdered when Mr. Hall was a teenager. While the severe trauma and violence that Mr. Hall was exposed to at a young age and throughout his adolescence does not excuse his criminal conduct, it does provide important context for the Court to consider in determining a fair, appropriate, and just sentence. Mr. Hall respectfully requests that the Court impose a sentence equivalent to the mandatory minimum so that he has a chance to reunite with his family and attempt to become a productive member of society.

**MR. HALL'S PERSONAL HISTORY AND CHARACTERISTICS**

Mr. Hall's personal background is well summarized in the Pre-Sentence Report ("PSR"). *See* PSR ¶¶ 113 – 130. Born in Roxbury, Massachusetts in 1974, Mr. Hall had an extraordinarily challenging childhood. *Id*. at 113. Mr. Hall was 12-years old when he his father was arrested. *Id*. at 115. Mr. Hall and his mother endured significant violence at the hands of his father. *Id.* at 113. By the time he was 15 years old, his mother was working multiple jobs to cover basic living expenses, which left Mr. Hall unsupervised. *Id.* at 115. As a result, Mr. Hall was "in the streets," hanging around with kids from the neighborhood and going along with what older teens were doing. *Id*. Mr. Hall's poor choices resulted in him being committed to the Massachusetts Department of Youth Services (DYS) at the age of 16. *Id*. at 116.

The significant trauma and abuse that Mr. Hall endured is thoroughly described in the PSR (¶¶ 113 - 116) and the Psychological Evaluation (pp. 3 - 14). Without repeating that information here, Mr. Hall wishes to direct the Court to what his family members say about who he is and where he came from. Mr. Hall's sister, Amie Cox, noted in her letter of support, **"We were a low-income family, but our mother always made sure that anything we needed we had, even if we didn't have the money for it. With these things in mind, she worked long hours to make ends meet as a single parent to do right by us. Ronald and I, looking for comfort in hard times, turned to the streets while our mother was working. Unfortunately, the street life changed both of lives for the worst."** *See* Exhibit B, letter of Ms. Amie Cox. As Mr. Hall's mother, Lillian Cox, wrote, **"As Ronald got older and made child-like mistakes his father would punish him with his hands, fists, and punching. He chose to buy him things to win his affection and then punch, scream, holler, and embarrass him if he did the slightest thing wrong."** *See* Exhibit B, letter of Ms. Lillian Cox.

As reflected in the various letters of support, Mr. Hall has had a positive impact on his family, and they remain supportive of him. *See generally*, Exhibit B (letters from family members). Mr. Hall is very proud of his children. His daughter, Shaiyar Hall, is a licensed social worker. She notes in her letter, **"Despite the many obstacles that my father was faced with and despite his previous incarcerations, my father has succeeded in being the best father possible. During this current incarceration, I have been impressed by my father's growth and his self-awareness. My father has utilized this time to better himself and reflect on his past decisions."** *See* Exhibit B, letter of Shaiyar Hall. Shaiyar's mother, Ms. Sylvia Phinn, described Mr. Hall's role as a father:

> **Mr. Hall has been actively involved in all aspects of Shaiyar's life. During her freshman year a Rivier University when she was homesick, Mr. Hall would drive her back and forth to New Hampshire every weekend. Mr. Hall stood with pride as he watched Shaiyar walk across the stage to receive her Bachelor's degree from UMASS Boston, finishing at the top of her class magna cum laude. Mr. Hall was a proud dad once again when Shaiyar received her Master's Degree from Boston College.**

*See* Exhibit B Letter of Sylvia Phinn. Ms. Yolanda Young and Mr. Hall have a twenty-seven-year-old son together. Ms. Young described Mr. Hall's role in their son's life while he has been incarcerated, **"Our son drives for a living and during a recent call with his father expressed interest in obtaining his CDL license. A few days later, our son spoke again with his father, who had researched the best CDL programs offered in the area, from the cost to the number of hours required. Ronald also outlined how he could purchase his own truck, so that he could be his own boss."** *See* Exhibit B, letter of Ms. Yolanda Young. Mr. Hall's fourteen-year-old son, D.B., describes his father as doing **"his best to educate and show me how I can be the best man I can be."** *See* Exhibit B, letter of D.B.

**PYSCHOLOGICAL EVALUATION**

[redacted]

[redacted]

[redacted]

[redacted]

**THE OFFENSE CONDUCT**

The Indictment in this case charged Mr. Hall with five counts of Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1591(a)(1), 18 U.S.C. § 1591(b)(1); and one count of Transporting an Individual to Engage in Prostitution, in violation of 18 U.S.C. §2421(a). On August 9, 2022, Mr. Hall pled guilty to four counts of Sex Trafficking by Force, Fraud, and Coercion. The remaining counts are to be dismissed at the sentencing hearing.

Mr. Hall acknowledges that he withheld drugs from the victims in a manner that satisfies the elements of the crimes charged. He fully understands the wrongfulness and severity of his conduct. Mr. Hall objects to the allegations of violence and related conduct as described in the Government's recitation of the facts at the Change of Plea hearing on August 9, 2022 and as outlined in the PSR ¶¶ 9-28.

**APPLICATION OF THE SENTENCING GUIDELINES**

There is no dispute between the parties regarding the proper guideline calculation. As set forth in the PSR, pursuant to USSG §2G1.1 the base offense level is **34**. Pursuant to USSG §3D1.4 the base offense level is increased by four to reflect a total offense level of **38**. Due to Mr. Hall's acceptance of responsibility, the total offense level is reduced by three. *See* USSG §3E1.1(a) and (b). The total offense level is **35**. The PSR separately calculates Mr. Hall's criminal history score as totaling ten points, resulting in a criminal history category of V. A final offense level of **35**, with a criminal history Category V, yields a sentencing range of **262 – 327 months**.

**<u>CONSIDERATION OF THE PURPOSES SET FORTH IN 18 U.S.C. § 3553(a)</u>**

The calculation of the sentencing range established by the United States Sentencing Guidelines is only one of the factors that this Court must consider when fashioning an appropriate sentence for Mr. Hall in this case. In addition to the guidelines, this Court must consider all of the purposes identified under 18 U.S.C. § 3553(a), including, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to avoid unwarranted sentencing disparities among similar defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. §3553(a)(6).

Mr. Hall has already begun the process of self-reflection and rehabilitation. As reflected in the Psychological Evaluation, he has demonstrated that he appreciates his wrongdoing and has a new perspective on how he will positively impact others as he moves forward with his life. Mr. Hall's ongoing efforts towards rehabilitation are a significant indicator of his motivation to change his lifestyle. This change in perspective over the three years that he has been held in connection with this case warrants the Court's consideration. *See Pepper v. United States,* 562 U.S. 476, 492 (2011). "When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or that date of his conviction."

To be clear, the trauma that Mr. Hall endured as a child, teenager, and young adult does not excuse his conduct in this case. However, in considering Mr. Hall's character and ultimately his potential for rehabilitation, the serious disadvantages that he has endured are inescapable. In real terms, his father modeled the very behavior that he adopted and for which he will be punished in this case. Indeed, Mr. Hall had two strikes against him before he reached his early adolescent years. Mr. Hall stands in stark contrast to an individual who was afforded

opportunities in life and yet chose the path of criminal conduct. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

Mr. Hall has had significant barriers to establishing a productive lifestyle. However, he has established a record of maintaining employment and participating in programs to improve himself. As described in the letters of support written by Richard Cox, the President of CC Consult Group LLC and Brenda Jenkins, the President of Mosaic Cultural Complex, Mr. Hall has worked as a landscaper and participated in rehabilitation programs. *See* Exhibit B letters of support of Richard Cox and Brenda Jenkins. He has also attended trucking school and some college level courses.

The requested 180-month sentence satisfies the sentencing considerations of deterrence – on both an individual and general level. The sentence delivers a strong message to those who are presently committing the offense of human trafficking: you will be caught, you will be prosecuted, and you will serve a very substantial amount of time in prison. To be sure, this sentence reflects the seriousness of the offense and promotes respect for the law. Mr. Hall does not need to be subjected to incarceration for more than 180 months to deter him from engaging in this conduct again.

Additionally, the 180-month sentence is a more severe punishment than other defendants who have committed the same or similar offenses who have similar or worse criminal records. For example, in *United States v. Bruce Brown*, 20-cr-10041-PBS, the defendant was charged with sex trafficking a minor in violation of 18 U.S.C. § 1591(b)(2), among other charges.

Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the Court imposed the sentence agreed upon by the parties of 138 months. Notably, Mr. Brown's offense conduct involved aggravating factors that are absent here. More specifically, Mr. Brown's conduct involved a minor and obstruction of justice. Additionally, in *United States v. Matthew Engram*, 1:19-cr-104610-ADB, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the Court imposed the sentence agreed upon by the parties of 144 months for human trafficking and like offenses. Notably, Mr. Engram's sentencing guideline range of 292-365 months was higher than Mr. Hall's range of 262-327.

Finally, Mr. Hall and his family are committed to reuniting and making the best of their time together following his sentence. As his minor son, D.B., wrote in his letter of support, **"I wish he were with me to guide me through my childhood years. I miss him being here for me whenever I needed him. I also miss him being here for my sports games and the long nights he spent with me helping me be the best basketball player, possible."** *See* Exhibit B, letter of minor son. Similarly, Mr. Hall's mother, wrote in her letter, **"He has learned. He knows right from wrong. He will do better and turn this all around. My family needs him back. I need him home. D.B. wants him home."** *See* Exhibit B, letter of Lillian Cox. Certainly, Mr. Hall wants to do everything he can to serve his sentence in this case and return to his family while he may still be of assistance to them.

**CONCLUSION**

For all the foregoing reasons, Mr. Hall respectfully requests that this Court impose upon him a sentence of incarceration that is not longer than one hundred eighty months (180) months. Mr. Hall further requests that, in connection with any sentence to be imposed, the Court recommend that he be placed in a facility that is as close as possible to his family in the Greater

Boston area, and that the Court further recommend that he be admitted to a 500-hour substance abuse treatment program. Finally, in light of his inability to pay any fine, Mr. Hall respectfully requests that this Court decline to impose any fine in connection with this case, other than the mandatory special assessment.

Respectfully submitted,

Ronald Hall,

By his attorney,

/s/ Michael R. DiStefano
Michael R. DiStefano (BBO #675615)
Todd & Weld LLP
One Federal Street
Boston, Massachusetts 02110
mdistefano@toddweld.com
(617) 720-2626

Dated: October 27, 2022

**CERTIFICATE OF SERVICE**

I, Michael R. DiStefano, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Michael R. DiStefano
Michael R. DiStefano

Dated: October 27, 2022